*717 Justice Thomas,
concurring.
Earlier this Term, I explained that because “there is no principled way to apply the Booker remedy,” it is “best to apply the statute as written, including 18 U. S. C. § 3553(b), which makes the [Federal Sentencing] Guidelines mandatory.” Kimbrough v. United States, 552 U. S. 85, 116 (2007) (dissenting opinion) (referencing United States v. Booker, 543 U. S. 220, 258-265 (2005)); see also Gall v. United States, 552 U. S. 38, 61 (2007) (Thomas, J., dissenting) (applying the Guidelines as mandatory). Consistent with that view, I would hold that the District Court committed statutory error when it imposed a sentence at “variance” with the Guidelines in a manner not authorized by the text of the Guidelines, which permit sentences outside the Guidelines, or “departures,” only when certain aggravating or mitigating circumstances are present. See United States Sentencing Commission, Guidelines Manual §1B1.1 (Nov. 2007). But the issue whether such post-Booker “variances” are permissible is not currently before us.
Rather, we are presented with the narrow question whether Federal Rule of Criminal Procedure 32(h) requires a judge to give notice before he imposes a sentence outside the Guidelines on a ground not identified in the presentence report or in a prehearing submission by the Government. I agree with the Court that neither Rule 32(h) nor Burns v. United States, 501 U. S. 129 (1991), compels a judge to provide notice before imposing a sentence at “variance” with the post-Booker advisory Guidelines, ante, at 715. Each addresses only “departures” under the mandatory Guidelines and does not contemplate the drastic changes to federal sentencing wrought by the Booker remedy. For this reason, I join the Court’s opinion.
Justice Breyer, with whom Justice Kennedy, Justice Souter, and Justice Ginsburg join, dissenting.
Federal Rule of Criminal Procedure 32(h) says:
*718 “Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party’s prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure.”
The question before us is whether this Rule applies when a sentencing judge decides, pursuant to 18 U. S. C. § 3553(a) (2000 ed. and Supp. V), to impose a sentence that is a “variance” from the advisory Guidelines, but is not a “departure” within the Guidelines. The Court says that the Rule does not apply. I disagree.
The Court creates a legal distinction without much of a difference. The Rule speaks specifically of “departure[s],” but I see no reason why that term should not be read to encompass what the Court calls § 3553(a) “variances.” The Guidelines define “departure” to mean “imposition of a sentence outside the applicable guideline range or of a sentence that is otherwise different from the guideline sentence.” United States Sentencing Commission, Guidelines Manual § 1B1.1, comment., n. 1(E) (Nov. 2007) (USSG). So-called variances fall comfortably within this definition. Variances are also consistent with the ordinary meaning of the term “departure.” See, e. g., Webster’s Third New International Dictionary 604 (1993) (defining “departure” to mean a “deviation or divergence esp. from a rule” (def. 5a)). And conceptually speaking, the substantive difference between a “variance” and a “departure” is nonexistent, as this Court’s opinions themselves make clear. See, e. g., Gall v. United States, 552 U. S. 38,46-47 (2007) (using the term “departure” to describe any non-Guideline sentence); Rita v. United States, 551 U. S. 338, 350 (2007) (stating that courts “may depart (either pursuant to the Guidelines or, since Booker, by imposing a non-Guidelines sentence)”).
Of course, when Rule 32(h) was written, its drafters had only Guidelines-authorized departures in mind: Rule 32(h) was written after the Guidelines took effect but before this *719 Court decided United States v. Booker, 543 U. S. 220 (2005). Yet the language of a statute or a rule, read in light of its purpose, often applies to circumstances that its authors did not then foresee. See, e. g., Oncale v. Sundowner Offshore Services, Inc., 523 U. S. 75, 79-80 (1998).
And here, the purpose behind Rule 32(h) requires that the Rule be construed to apply to variances. That Rule was added to “reflect” our decision in Burns v. United States, 501 U. S. 129 (1991). See Advisory Committee’s Notes on Fed. Rule Crim. Proc. 32, 18 U. S. C. App., p. 1411 (2000 ed., Supp. II) (2002 Amendment). In Burns, the Court focused upon “the extraordinary case in which the district court, on its own initiative and contrary to the expectations of both the defendant and the Government, decides that the factual and legal predicates for a departure are satisfied.” 501 U. S., at 135. The Court held that “before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government. . . the district court [must] give the parties reasonable notice that it is contemplating such a ruling.” Id., at 138.
Our holding in Burns was motivated, in part, by a desire to avoid due process concerns. See ibid. (“[W]ere we to read Rule 32 to dispense with notice, we would then have to confront the serious question whether notice in this setting is mandated by the Due Process Clause”). That is perhaps why the majority today suggests that “[a]ny expectation subject to due process protection at the time we decided Burns” failed to survive Booker. Ante, at 713. But the due process concern was not the only reason for our holding in Burns, nor was it even the primary one. Rather, the Court principally based its decision upon Rule 32’s requirement that parties be given “‘an opportunity to comment upon . . . matters relating to the appropriate sentence.’ ” 501 U. S., at 135 (citing then-Rule 32(a)(1)). “Obviously,” the Court said, whether a sua sponte departure was warranted was a “mat *720 ter relating to the appropriate sentence.” Ibid, (internal quotation marks omitted). To deprive the parties of notice of such a departure would thus “rende[r] meaningless” their right to comment on “matters relating to the appropriate sentence.” Id., at 136 (internal quotation marks omitted). Notice, the Court added, was “essential to assuring procedural fairness.” Id., at 138.
The Court’s decision in Burns also relied on what the Court described as Rule 32’s overall purpose of “providing] for focused, adversarial development of the factual and legal issues” related to sentencing. Id., at 134. This could be gleaned, inter alia, from the requirement that parties be given an opportunity to file responses or objections to the presentence report and from the requirement that parties be given an opportunity to speak at the sentencing proceeding. Ibid. Construing Rule 32 not to require notice of sua sponte departures, the Court reasoned, would be “inconsistent with Rule 32’s purpose of promoting focused, adversarial resolution” of sentencing issues. Id., at 137.
The primary grounds for the Court’s decision in Burns apply with equal force to the variances we consider here. Today, Rule 32(i)(l)(C) provides a virtually identical requirement that the district court “allow the parties’ attorneys to comment on the probation officer’s determinations and other matters relating to an appropriate sentence.” (Emphasis added.) To deprive the parties of notice of previously unidentified grounds for a variance would today “rende[r] meaningless” the parties’ right to comment on “matters relating to [an] appropriate sentence.” Id., at 136 (internal quotation marks omitted). To deprive the parties of notice would today subvert Rule 32’s purpose of “promoting focused, adversarial resolution” of sentencing issues. In a word, it is not fair. Id., at 137.
Seeking to overcome the fact that text, purpose, and precedent are not on its side, the majority makes two practical arguments in its defense. First, it says that notice is unnec *721 essary because “there is no longer a limit comparable to the one at issue in Burns” as to the number of reasons why a district court might sua sponte impose a sentence outside the applicable range. Ante, at 715. Is that so? Courts, while now free to impose sentences that vary from a Guidelines-specified range, have always been free to depart from such a range. See USSG ch. 1, pt. A, § 4(b) (Nov. 1987), reprinted in §1A1.1 comment., editorial note (Nov. 2007) (suggesting broad departure authority). Indeed, even Burns recognized that “the Guidelines place essentially no limit on the number of potential factors that may warrant a departure.” 501 U. S., at 136-137 (citing USSG ch. 1, pt. A, § 4(b) (1990)). Regardless, if Booker expanded the number of grounds on which a district court may impose a non-Guidelines sentence, that would seem to be an additional argument in favor of, not against, giving the parties notice of the district court’s intention to impose a non-Guidelines sentence for some previously unidentified reason. Notice, after all, would promote “focused, adversarial” litigation at sentencing. Burns, supra, at 134, 137.
Second, the majority fears that a notice requirement would unnecessarily “delay” and “complicate” sentencing. Ante, at 715, 716. But this concern seems exaggerated. Rule 32(h) applies only where the court seeks to depart on a ground not previously identified by the presentence report or the parties’ presentencing submissions. And the Solicitor General, after consulting with federal prosecutors, tells us that “in the vast majority of cases in which a district court imposes a sentence outside the Guidelines range, the grounds for the variance have previously been identified by the [presentence report] or the parties.” Brief for United States 32.
In the remaining cases, notice does not necessarily mean delay. The parties may well be prepared to address the point and a meaningful continuance of sentencing would likely be in order only where a party would adduce additional evidence or brief an unconsidered legal issue. Further, to *722 the extent that district judges find a notice requirement to complicate sentencing, those judges could make use of Rule 32(d)(2)(F), which enables them to require that presentence reports address the sentence that would be appropriate in light of the § 3553(a) factors (including, presumably, whether there exist grounds for imposing a non-Guidelines sentence). If a presentence report includes a section on whether a variance would be appropriate under § 3553(a), that would likely eliminate the possibility that the district court would wind up imposing a non-Guidelines sentence for some reason not previously identified.
Finally, if notice still produced some burdens and delay, fairness justifies notice regardless. Indeed, the Government and the defendant here — the parties most directly affected by sentencing — both urge the Court to find a notice requirement. Clearly they recognize, as did the Court in Burns, that notice is “essential to assuring procedural fairness” at sentencing. 501 U. S., at 138.
I believe that Rule 32(h) provides this procedural safeguard. And I would vacate and remand to the Court of Appeals so that it could determine whether the petitioner received the required notice and, if not, act accordingly.
I respectfully dissent.